# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARALD H. MEHNERT and <br> BRIGITTE E. MEHHERT, his wife, <br>        Plaintiffs, <br>   vs. <br> AGILENT TECHNOLOGIES, INC., *et al.*, <br>        Defendants. | Civil Action No. 18-593 <br> Judge Nora Barry Fischer |

## MEMORANDUM OPINION & ORDER

**I.     INTRODUCTION**

This is a negligence action brought by Plaintiffs Harald and Brigitte Mehnert against Defendants Agilent Technologies, Inc., Baxter International, Inc., Dravo Corporation, Fisher Scientific Company, Inc., Honeywell International, Inc., Metropolitan Life Insurance Company, Mine Safety Appliance Company, Safety First Industries, Inc., Union Carbide Corporation, Univar USA, Inc., Varian Medical Systems, Inc., and VWR International, LLC (collectively, "Defendants") arising from Plaintiff Harald Mehnert's alleged exposure to asbestos and his 2017 diagnosis of mesothelioma.[1]  (Docket No. 1-1).  Presently before the Court is Plaintiffs' motion to remand this case to the Allegheny County Court of Common Pleas and Defendants' opposition thereto.[2]  The

---

[1]     Defendants Agilent Technologies, Inc. and Varian Medical Systems, Inc. have been dismissed from this action without prejudice.  (Docket Nos. 75, 76).  In addition, Honeywell International, Inc. has settled with the Plaintiffs and therefore has no remaining interest in this case.  (Docket No. 1 at p. 3 n.1; Docket No. 4 ¶ 7 n. 2).

[2]     Docket No. 1-4 at pages 5-6 and Docket No. 5-2, at pages 17-20, contain personal information, including Plaintiffs' and their family members' dates of birth.  The parties are reminded of Local Civil Rule 5.2(D), which provides documents filed with this court may not contain certain personal identifiers, including dates of birth, or must be redacted

Court has reviewed Plaintiffs' Motion and Memorandum in Support, Defendants' Opposition, Plaintiffs' Reply, and Defendants' Sur-Reply. (Docket Nos. 4, 5, 44, 54, and 59). After careful consideration of the parties' arguments, and for the reasons set forth more fully herein, Plaintiffs' motion (Docket No. [4]) is DENIED.

## II. FACTUAL BACKGROUND

At all times relevant to the Complaint, Defendants engaged in the business of mining, milling, manufacturing, distributing, supplying, specifying, selling, using, recommending, installing and/or removing asbestos materials and other dangerous ingredients and products. (Docket No. 1-1 ¶ 8).[3] Plaintiff Harald Mehnert worked on Mass Spectrometers at the U.S. Geological Survey ("U.S.G.S") Department in Denver, Colorado between 1959 and 1995. (Docket No. 1-1 ¶ 4). During his tenure at this jobsite, Mr. Mehnert "performed many experiments with various types of asbestos materials supplied to the laboratory where he worked," and he "performed weekly cleaning and decontamination of the Mass Spectrometer." (*Id*. ¶¶ 4, 5). While performing these duties, Mr. Mehnert allegedly inhaled asbestos dust and fibers contained in the Defendants' products. (*Id*. ¶¶ 6, 10.) This, in turn, caused Mr. Mehnert to develop mesothelioma, which was first diagnosed on September 12, 2017. (*Id*. ¶¶ 6-7). In addition to mesothelioma, Mr. Mehnert suffers from "post-traumatic anxiety reaction, sever[e] pain and discomfort and other serious injuries" as a result of the Defendants' actions. (*Id*. ¶ 15). Plaintiff Brigitte Mehnert ("Mrs. Mehnert"), his wife, claims loss of

---

to comply with the rule. The parties are directed to comply with Rule 5.2(D) in all future filings with the Court.

[3] For purposes of this motion, the Court accepts the Complaint's factual allegations. *Steel Valley Auth. v. Union Switch & Signal Div*., 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.").

consortium as a result of Mr. Mehnert's injuries. (*Id*. ¶¶ 17-18).

## III. PROCEDURAL HISTORY

Plaintiffs filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania on November 28, 2017 and had served all of the Defendants with the Complaint by January 17, 2018. (Docket No. 4 ¶¶ 2-5). Thereafter, the parties deposed Mr. Mehnert, and, on April 3, 2018, Plaintiffs served their Answers to the Defendants' Interrogatories in which they advised that Mr. Mehnert worked at the U.S.G.S. at the "Denver Federal Center Building, Lakewood, CO 80255." (Docket Nos. 1-4 at 15, 1-5, and 44 at 1).[4] On May 2, 2018, the Defendants removed the action to this Court. (Docket No. 1). One week later, on May 9, 2018, Plaintiffs moved to remand the case, arguing that the Defendants had not timely removed the action under 28 U.S.C. § 1441. (Docket Nos. 4, 5). Defendants opposed the remand motion, asserting that they did not have a basis to remove until they learned on April 3, 2018 that Mr. Mehnert's exposure to asbestos occurred at a federal enclave, namely the U.S.G.S. facility in Lakewood, Colorado. (Docket No. 44).

## IV. DISCUSSION

Article I of the U.S. Constitution establishes exclusive federal jurisdiction over federal enclaves, namely "Places purchased [by the United States] by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." U.S. Const. art. I, § 8, cl. 17. *See also Paul v. United States*, 371 U.S. 245, 264-65 (1963) (discussing creation of and jurisdiction over federal enclaves). The parties do not dispute that the U.S.G.S. facility at which Mr. Mehnert worked is a federal enclave or that this Court has original jurisdiction over this action. At issue is: (a) at what point did the relevant documents

inform Defendants that Plaintiffs' claims were subject to federal jurisdiction; and (b) whether Defendants removed the action within thirty days of that notice.

Pursuant to 28 U.S.C. § 1441, and as relevant here, a defendant may remove an action to district court either: (a) within thirty days after receipt of a copy of the initial pleadings; or (b) if the case is not removable based on the initial pleading, within thirty days after receipt of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case in one which is or has become removable." 28 U.S.C. §§ 1441(b)(1), (3). The exception permitting filing within thirty days of receipt of "other paper" "serves the laudable purpose of preventing the defendant from having to speculate whether a case is removable." *Akin v. Big Three Indus., Inc.*, 851 F. Supp. 819 (E.D. Tex. 1994). While the failure to file a notice of removal timely does not constitute a jurisdictional defect, it is grounds for remand. *In re FMC Corp. Packaging Systems Div.*, 208 F.3d 445, n. 4, 6 (3d Cir. 2000).

A removing party has "the burden to establish the propriety of removal and all doubts must be resolved in favor of remand." *LaCaffinie v. Standard Fire Ins.*, Civ. A. No. 10-207, 2010 U.S. Dist. LEXIS 53151 at *2 (W.D. Pa. May 28, 2010) (citing *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990); *In re Asbestos Products Liability Litigation (IV)*, 2:09-cv-60001, MDL Docket No. 875, 2009 WL 8520132 (E.D. Pa. Apr. 24, 2009) ("There is a strong presumption against removal jurisdiction, such that if federal removal jurisdiction is doubtful, a remand is necessary"). In their motion for remand, Plaintiffs argue that, because all Defendants were served with the Complaint more than thirty days before removal and the Complaint alleged that Mr. Mehnert "worked on Mass Spectrometers at the [U.S.G.S.] in Denver, Colorado," the Defendants had ample

---

[4] Docket No. 1-4 at page 29 suggests that service of the interrogatory answers was made on April 4, 2018.

notice that Mr. Mehnart's asbestos exposure occurred at a federal enclave. (Docket No. 5 at p. 2). As such, they urge the Court to find that Defendants have not met – and cannot meet – their burden of establishing the propriety of the removal.

Although Plaintiffs ask the Court to find that Defendants have failed to meet their burden, the Complaint does not specifically identify Mr. Mehnart's former jobsite as a federal enclave. (*See* Docket No. 1-1). The Complaint does not state whether the laboratory at which Mr. Mehnert worked was located on federal property or in private space in Denver leased by the government. Nor does it describe Mr. Mehnert's jobsite as having been located at the Denver Federal Center, or even in Lakewood, Colorado. This failure to allege the precise location of Mr. Mehnart's exposure is crucial because, "in enclave jurisdiction, the determinative fact is the precise *location* of the events giving rise to the claims for relief." *Akin*, 851 F. Supp. 2d at 824 (emphasis in original). Indeed, "[i]t is only when the geography is mapped in a certain way that an otherwise state claim presents a federal question." *Id.*

Plaintiffs respond that "a cursory internet search plainly shows that the U.S.G.S. in Denver, Colorado, is located at the 'Denver Federal Center.'" (Docket No. 5 at p. 8). However, and even assuming that the U.S.G.S. in Denver was located at the Denver Federal Center during Mr. Mehnart's tenure there (which notably ended over twenty years ago), Defendants had no duty to conduct the investigation suggested by Plaintiffs. Rather, the Court must focus on what the relevant documents said and not on what Defendants knew. *Foster v. Mut. Fire Marine & Inland Ins.*, 986 F.2d 48, 54 (3d Cir. 1993), *overruled on other grounds, Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). This is an objective inquiry limited to the "four corners of the pleading" and centered on whether "the document informs the reader, to a substantial degree of

specificity, whether all the elements of federal jurisdiction are present." *Id*. at 53 (citations and internal quotation marks omitted).

The Third Circuit recently addressed the propriety of removal in a lawsuit against Boeing in which the plaintiff also alleged asbestos-related injuries. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805 (3d Cir. 2016). As the Court of Appeals noted, albeit in *dicta,* Boeing's removal under the federal officer statute 45 days after service of the complaint was timely because Boeing did not know what specific aircraft the plaintiff was working on at the time of his asbestos exposure and therefore did not know of the action's removability until plaintiff provided that information to it. *Id.* at 816 n. 10. Although the plaintiff in that case argued that Boeing should have reviewed its own records to make the determination as to removability, the Court of Appeals observed, "[s]etting aside the fact that nothing in the record supports the assertion that Boeing could have made such a deduction, Boeing simply was not required to do so." *Id.*; *see also Bouchard v. CBS Corp.*, 2:11-cv-66270, MDL-875, 2012 WL 1344388, at *5 (E.D. Pa. Apr. 17, 2012) (the "thirty-day window requires defendants to file their notices of removal within thirty days after receiving 'other paper' which on its face or in conjunction with previous court-related documents provides Defendant with adequate notice of federal jurisdiction."); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011) (the recital that the decedent was employed at a naval shipyard, without any representation that the defendant's actions were taken under the direction of a federal officer, was not sufficient to provide defendant notice of federal jurisdiction). *Cf. Portnoff v. Janssen Pharm. Inc.*, 237 F. Supp. 3d 253, 261 (E.D. Pa. 2017) (in Class Action Fairness Act removal dispute, analogizing to § 1441 removals and holding that defendants have no duty to investigate removability and that courts must look to the pleadings or other paper to determine date at which defendants had notice of federal

jurisdiction). In this Court's estimation, the four corners of the Complaint did not inform Defendants, with a substantial degree of specificity, that the elements of federal jurisdiction were satisfied. The first paper to do so was served on April 3 or 4, 2018, and, as such, Defendants' removal was timely.

## V. CONCLUSION

Accordingly, and for the reasons outlined above, Plaintiffs' Motion to Remand [4] is DENIED.

*s/ Nora Barry Fischer*  
Nora Barry Fischer  
United States District Judge

Date: June 29, 2018

cc/ecf: All counsel of record